IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MICHAEL L. LARR

       Petitioner,    :       Case No. 2:24-cv-1730

  - vs -                      District Judge Michael H. Watson
                              Magistrate Judge Michael R. Merz

MISTY MACKEY, WARDEN,
 Lake Erie Correctional
  Institution,

                                :
       Respondent.

## DECISION AND ORDER

This habeas corpus case[1], brought *pro se* by petitioner Michael Larr, is before the Court on his most recent Motion to Take Judicial Notice of Adjudicative Facts (ECF No. 36).

Fed. R. Evid. 201 provides:

> Rule 201. Judicial Notice of Adjudicative Facts
>
> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:

---

[1] The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 37).

1

      (1) is generally known within the trial court's territorial jurisdiction; or

      (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

  (c) Taking Notice. The court:

      (1) may take judicial notice on its own; or

      (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

  (d) Timing. The court may take judicial notice at any stage of the proceeding.

  (e) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

  (f) Instructing the Jury. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may or may not accept the noticed fact as conclusive.

In the Motion, Petitioner is asking the Court to make findings of fact based on evidence that is in the State Court Record. That is not a proper function of judicial notice. Judicial notice is designed for situations where there is an indisputable fact upon which a party wishes to rely for his or her argument. An example would be in a traffic case where there was testimony that a collision occurred at the intersection the Third and Main Streets. The Court could properly take judicial notice of the indisputable fact that that intersection is inside the city limits of the City of Dayton, Ohio.

None of the facts for which Petitioner seeks judicial notice are of that type. For example, he seeks judicial notice that "5). It was known there was no terminology unexpected of a child

P.W.s age. Meaning, it was known the hearsay violates the Confrontation Clause." (ECF No. 36, PageID 903). The asserted adjudicative fact in that sentence is that it was "known there was no terminology unexpected of a child of P.W.'s age. It is perhaps the case that someone testified to that effect at trial, although Petitioner has given no record reference to where that occurs[2]. But the fact that someone has testified to an asserted fact does not make that fact indisputable.

Then Petitioner follows with an asserted conclusion of law: "the hearsay violates the Confrontation Clause." Fed. R. Evid. 201 says nothing about conclusions of law.

Petitioner's most recent Motion to Take Judicial Notice of Adjudicative Facts (ECF No. 36) is DENIED in its entirety.

December 3, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] Magistrate Judge Deavers in ordering an answer in this case provided that all record references were required to contain the docket and page number in the form (ECF No. ___, PageID ___)(Order for Answer, ECF No. 2, PageID 4). Petitioner is cautioned to comply with this order in future filings.