# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL L. LARR

               Petitioner,      :             Case No. 2:24-cv-01730

    - vs -                         District Judge Michael H. Watson
                                 Magistrate Judge Michael R. Merz

MISTY MACKEY, WARDEN,
  Lake Erie Correctional
  Institution,

                            :
              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case[1], brought *pro se* by petitioner Michael Larr, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 12), the Return of Writ (ECF No. 14), and Petitioner's Reply (ECF No. 15).

Although Petitioner has filed an appeal with the Sixth Circuit (ECF No. 26) from an interlocutory order of this Court (ECF No. 22) and that appeal remains pending, the appeal does not impede the jurisdiction of this Court because the appeal is from an Order of Magistrate Judge Elizabeth Preston Deavers whose own jurisdiction in the case is under 28 U.S.C. § 636(b) and not § 636(c). Magistrate Judge orders on nondispositive matters must be appealed in the first instance

---

[1] The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 37).

to the assigned District Judge and not to the circuit court. *Hoven v. Walgreen Co.*, 751 F.3d 778, 782 (6th Cir. 2014). Because the circuit court does not have jurisdiction over Petitioner's appeal, his filing does not prevent this Court from proceeding.

**Litigation History**

A Muskingum County grand jury indicted Petitioner on October 28, 2021, on two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4). *State v. Larr*, 2023-Ohio-2128 ¶ 2 (Ohio App. 5th Dist. Jun. 27, 2023). A jury found him guilty and he was sentenced to two consecutive terms of sixty months each. He took a direct appeal to the Ohio Fifth District Court of Appeals which affirmed the trial court judgment. *Id.* The Ohio Supreme Court granted him a delayed appeal, but then declined to take jurisdiction of the case. *State v. Larr*, 171 Ohio St. 3d 1474 (2024). Larr filed an Application for Reopening the appeal to litigate issues of ineffective assistance of appellate counsel (Application, State Court Record, ECF No. 12, Ex. 13). The Fifth District denied that Application on the merits. *Id.* at Ex. 15. Larr did not appeal to the Ohio Supreme Court. Larr also filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 17. The trial court denied the Petition, *Id.* at Ex. 19, and Petitioner did not appeal.

Larr then filed his Petition for Writ of Habeas Corpus in this Court, pleading the following grounds for relief:

> **Ground One**: The Petitioner is 100% innocent of the crime. There was never any innoppropriat [sic] touching/tickling. Petitioner was arrested and convicted with just unreliable out-of-court statements that have no corroborating evidence. The touching must have been under the clothing and for sexual gratifying. Child said in video, there was no tickling under clothing. and not one thing proves any

tickling was for sexual gratifying. petitioner's due process of the fourteenth and fourth amendment of the u.s. constitution was violated. [sic].

**Ground Two:** Trial courts poor discretion violated the Due Process Clause Fourteenth Amendment to the U.S. Constitution, when the court convicted petitioner with just statements and no cross-examination. The statute requires separate determination of reliability and corroborating evidence to support the hearsay statements when the child is unavailable.   The statute bars conviction where the critical issues at trial were supported only by ex-parte testimony not subjected to cross-examination.  [sic].

**Ground Three:  V**iolation of the Appellant's Fourth Amendment to the U.S. Constitution was made when appellant was plucked from his home and jailed with no probable cause. one, the elements of the crime were not met. two, probable cause could not be established with just unreliable stand alone hearsay statements.  when hearsay statements are used to establish probable cause, they must have independent corroborating evidence to show the statements are trustworthy. there is no independent corroborating evidence to back the out-of-court statements.  leaving no probable cause for an arrest warrant.  leaving plain harmful reversible error. convictions must be vacated and petitioner released as soon as possible. [sic]

**Ground Four**: A violation of Due Process Fourteenth Amendment to the U.S. Constitution when petitioner was held with just unreliable hearsay statement's and the elements of the crime were not met.  There was no independent corroborating evidence to show the trustworthiness of the statements. No corroborating physical evidence, the statements have evidence and testimony the statements are unreliable. with just the statements as evidence, this is harmful, reversible error. Petitioner was vary sic] prejudice. Petitioners convictions must be overturned. [sic]

**Ground Five**:  Poor discretion of the trial court violated petitioner's Sixth Amendment of the U.S. Constitution the Confrontation Clause when it placed unreliable hearsay statements in front of the jury. placing unreliable hearsay in front of a jury without cross-examination of the declarant, violated petitioner's confrontation rights. the statements were objected to but over ruled. the unreliable statements is all the evidence the state had, making this plain harmful, reversible error. [sic]

**Ground Six**: Poor discretion of the trial court violated Petitioner's Sixth Amendment to the U.S. Constitution the Confrontation Clause

3

when it submitted hearsay statements that had no ongoing emergency and no opportunity to cross-examine the declarant. when there is no ongoing emergency, it violates the Confrontation Clause. without the statements, there is no evidence, making this prejudice, plain harmful reversible error. [sic]

**Ground Seven:** The trial court abused its discretion when it violate[d] Petitioners Sixed [Sic] Amendment to the U.S. Constitution the Confrontation Claues [sic] when it placed hearsay statements in front of the jury that had no terminology unexpected of a child P.W's age. There is only the statements as evidence, without them, there would not have been a trial. Plain harmful reversible error.

(Petition, ECF No. 1).

# Analysis

Petitioner Michael Larr is proceeding *pro se* in this case and is therefore entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner appears to acknowledge in his Reply, his constitutional issues are spread across several of his Grounds for Relief. This Report will attempt to sort the claims by issue raised, rather than grouping the analysis under the Grounds for Relief as pleaded in the Petition.

**Only Federal Constitutional Law Is Relevant**

As a general matter, habeas corpus courts do not sit as an additional level of general appellate review of state court criminal decisions. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay*

*v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6ᵗʰ Cir. Apr. 23, 2018)(Thapar, J. concurring).

This limitation can be confusing for *pro se* litigants and sometimes for lawyers as well. But it means that a federal habeas court cannot set aside a state criminal conviction on the ground that, for example, a state court violated a state rule of evidence; that is exclusively a question of state law on which federal courts are bound by the decisions of state courts.  *Railey v. Webb*, 540 F.3d 393 (6ᵗʰ Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6ᵗʰ Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6ᵗʰ Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6ᵗʰ Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6ᵗʰ Cir. 1986).

Nor can a federal habeas court set aside a state conviction for violation of the Federal Rules of Evidence.  Those Rules do not apply in the state courts.  Although many States have copied parts of the Federal Rules of Evidence in adopting their own state rules[2], they are not bound to do so and the Federal Rules of Evidence are not binding on the States as a matter of constitutional law.

At several places Petitioner asserts the state courts used "poor discretion."  The Magistrate Judge takes this to be an assertion that a state court judge "abused" his discretion.  Where State

---

[2] Ohio did so.  The undersigned was a member of the Ohio Supreme Court's Rules Advisory Committee at the time and the Committee carefully considered which provisions to copy into Ohio law.

law gives a trial judge discretion to act one way or another on an issue, the Ohio appellate courts will review the exercise of that discretion for "abuse."  But there is no habeas corpus review of those decisions.  Abuse of discretion is not a denial of due process or any other federal constitutional right.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

**Insufficient Evidence Versus Manifest Weight of the Evidence**

In the Return of Writ, Respondent analyzes the Petition as presenting several claims that there was insufficient evidence to support a conviction.  In the Reply, Petitioner notes that he also raised claims on direct appeal that the verdict was against the manifest weight of the evidence.  Petitioner correctly represents what was raised on direct appeal and the Court understands he wants to bring both of those claims forward in habeas corpus.  However, he cannot do so.  Lack of sufficient evidence is a federal constitutional claim, but manifest weight is not.  A claim of insufficient evidence to support a conviction states a claim under the Due Process Clause of the Fourteenth Amendment.  *Jackson v. Virginia*, 443 U.S. 307 (1979).  However, a weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Supreme Court of Ohio reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, (1982), *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines

7

> whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

Because of this distinction, a federal habeas court can decide whether there was sufficient evidence to support the conviction, but may not review a state appellate decision that a verdict is not against the manifest weight of the evidence.

Petitioner presented both claims to the Ohio Court of Appeals as his first and second assignments of error which decided them as follows:

> {¶28} In his First Assignment of Error, Larr maintains that his convictions for gross sexual imposition are against the manifest weight of the evidence. In his Second Assignment of Error, Larr argues that there is insufficient evidence to support his convictions for gross sexual imposition.
>
> **Standard of Appellate Review–Sufficiency of the Evidence.**
>
> {¶29} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States,* 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida,* 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.
>
> {¶30} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v.*

*Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, superseded by State constitutional amendment on other grounds as stated in *State v. Smith,* 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997); *Walker*, 150 Ohio St.3d at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Murphy,* 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.' " *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review:** *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Larr was guilty beyond a reasonable doubt of Gross Sexual Imposition in violation of R.C. 2907.05.*

{¶31} Larr argues that the only direct evidence presented was the testimony of the alleged victim. The victim had no physical injuries, there was no confession by Larr and no proof that the touching was done for sexual gratification. Larr further points out that he voluntarily spoke to the police during the investigation.

{¶32} R.C. 2907.05, Gross Sexual Imposition provides,

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
* * *

9

{¶33} " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶34} Whether touching is done for the purpose of sexual gratification is a question of fact to be inferred from the type, nature, and circumstances surrounding the contact. *State v. Cochran*, 5th Dist. Coshocton No. 03–CA–01, 2003-Ohio-6863, ¶ 15, *citing State v. Mundy*, 99 Ohio App.3d 275, 289, 650 N.E.2d 502(1994). We have held that the testimony of one witness, if believed by the factfinder, is enough to support a conviction. *See, State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, ¶ 133. The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. Thomas*, 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982), syllabus.

{¶35} A conviction for rape or gross sexual imposition does not require proof of trauma or physical injury. *See State v. Campbell*, 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 44, *citing State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 46; *State v. Schrock*, 11th Dist. Lake No. 2007-L-191, 2008-Ohio-3745, ¶ 23 ("The qualitative nature of these charges does not necessitate any specific physical injury or trauma to the genital area."); *Cf. State v. Hines*, 6th Dist. Lucas No. L-04-1234, 2006-Ohio-322, ¶ 20 ("Nevertheless, we find that it is the incidents of sexual abuse, not the actual physical injury to the victim's hymen, that the state must prove to establish rape.").

{¶36} In the case at bar, P.W. told her mother that Larr had tickled her vagina. P.W. told Larr's wife that Larr touched her "down there." P.W. told Celeste Prince that Larr tickled her vagina. She further showed on diagrams where the touching had occurred. The jury was able to see the forensic interview as it happened in real time via the video recording. P.W. indicated that the touching occurred in the camper and in Larr's bedroom.

{¶37} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Larr engaged in sexual contact with P.W. who was five years old at the time. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Larr's convictions for gross sexual imposition.

**Standard of Appellate Review – Manifest Weight**

{¶38} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio-355*; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

{¶39} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins, supra,* 78 Ohio St.3d at 386-387, 678 N.E.2d 541(1997), *State v. Williams,* 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶83. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Thompkins* at 387, 678 N.E.2d 541, *citing Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652(1982) (quotation marks omitted); *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1244, ¶25, citing *Thompkins.*

{¶40} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins, supra,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). The Ohio Supreme Court has emphasized: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

**Issue for Appellate Review:** *Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.*

{¶41} We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the entire record in this matter we find Larr's convictions are not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Larr's guilt.

{¶42} Upon review of the entire record, weighing the evidence and all reasonable inferences as a thirteenth juror, including considering the credibility of witnesses, we cannot reach the conclusion that the trier of facts lost its way and created a manifest miscarriage of justice. We do not find the jury erred when it found Larr guilty. Taken as a whole, the testimony and record contain ample evidence of Larr's responsibility for the alleged crimes. The fact that the jury chose not to believe the testimony of Larr's expert does not, in and of itself, render his convictions against the manifest weight of the evidence. While Larr is certainly free to argue that the forensic interview was not conducted correctly and that the hospital did not conduct a fair exploration of alternative hypotheses properly, on a full review of the record we cannot say that the jury clearly lost its way or created a manifest injustice by choosing to believe the testimony of the state's witnesses. The jury was able to observe the forensic interview in real time as it took place as well as hear Dr. Stinson subject to cross-examination.

{¶43} The state presented testimony and evidence from which the jury could have found all the essential elements of the offenses proven beyond a reasonable doubt. The fact that the state may have relied on circumstantial evidence in proving Larr's guilt does not make his convictions any less sound.

{¶44} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes for which Larr was convicted.

{¶45} Larr's First and Second Assignments of Error are overruled.

*State v. Larr, supra.*

Analyzing the Fifth District's decision for habeas corpus purposes, this Court notes it

decided both the insufficient evidence and manifest weight assignments of error on the merits. However, to reiterate, its decision on the manifest weight issue is not reviewable in habeas corpus, *Havener, supra.*

The Fifth District's decision on the sufficiency of evidence question is reviewable here. *Jackson, supra.* Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a state court decision on the merits of a federal constitutional question is entitled to deference unless it is an objectively unreasonable application of federal law clearly established by precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

When the Fifth District's decision on the First Assignment of Error is reviewed under this standard, the Magistrate Judge finds it is clearly entitled to deference. The Fifth District applied the correct standard of review – the *Jackson* sufficiency standard as it has been incorporated in Ohio precedent. See ¶ 30, *supra*, citing *State v. Jenks.*

Its application was also objectively reasonable. Petitioner argues at length that there was no evidence corroborating the victim's direct testimony. But the Sixth Circuit has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); see also *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (holding that victim's testimony that habeas petitioner abducted her and raped her was constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical evidence); *United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (holding that even if the only evidence was testimony of the victim, that is sufficient to support a conviction, even absent physical evidence or other

13

corroboration); *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (noting that there is sufficient evidence to support a conviction even if the "circumstantial evidence does not remove every reasonable hypothesis except that of guilt") (internal quotation marks omitted).

Because the Fifth District's decision on the merits of Petitioner's sufficiency of the evidence claim is entitled to deference, that claim or those claims should be dismissed with prejudice.

**Arrest Without Probable Cause**

Petitioner complains repeatedly that he was arrested without probable cause because the uncorroborated statements of the victim are supposedly insufficient. Petitioner confuses several constitutional provisions in making these arguments.

It is a violation of the Fourth Amendment to convict someone on the basis of evidence seized in violation of the Fourth Amendment. Such evidence must be excluded at trial. *Mapp v. Ohio*, 367 U.S. 643 (1961). In both federal and Ohio courts, these issues are raised by pre-trial motion to suppress. No such motion was filed here, presumably because the State did not propose to use any evidence seized from Petitioner as the result of a search. There is no Fourth Amendment issue presented by the facts before this Court.

An arrest triggers a person's right to refuse to incriminate himself or herself, the so-called right to remain silent. That right is protected by the Fifth Amendment. The arrest triggers a law enforcement obligation to advise the person arrested of his or her right to remain silent. *Miranda v. Arizona*, 384 U.S. 436 (1966). Exclusion of any evidence obtained in violation of *Miranda* is

sought in both state and federal courts by a motion to suppress. But no such motion was filed here on that issue either, presumably because the State did not intend to introduce any statements made by Petitioner without proper *Miranda* warnings.

From the argument made in the Petition and the Reply, the Court reads Petitioner's argument as being that he was deprived of his liberty initially based only on the victim's uncorroborated statements which, he says, do not establish probable cause.

The Court cannot tell from the State Court Record as filed whether Petitioner was initially arrested on a complaint or on a warrant issued on the basis of the Indictment. No documents relating to the case and prior to the Indictment have been filed. The Arraignment Entry shows Petitioner was in custody at the time of the arraignment, but that could have been on the basis of a warrant issued on the indictment or a bindover order from a lower court (See Arraignment Entry, State Court Record, ECF No. 12, Ex. 2). It ultimately does not matter because Petitioner is not now being held in custody pursuant to a warrant on a complaint or a warrant on the Indictment. Instead, he is being held on a commitment warrant issued as a result of his conviction. The relevant order provides in pertinent part: "The Defendant is therefore remanded to the custody of the Muskingum County Sheriff and ORDERED conveyed to the custody of the Ohio Department of Corrections." (Judgment Entry, State Court Record, ECF No. 12, Ex. 3, PageID 33). The issue before this Court is whether that judgment is valid, not whether any pre-judgment custody was constitutional.

Petitioner relies in several places on *Mondragon v. Thompson*, 519 F.3d 1078 (10th Cir. 2008), in support of his claims about probable cause for arrest. In that case the plaintiff filed a civil action against the officer who had arrested him, claiming the officer had forged the arrest warrant. *Mondragon* was a civil suit brought against Thompson under 42 U.S.C. § 1983 for false

arrest. It was not a habeas corpus case in which Mondragon was seeking release from imprisonment.

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor,* 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Petitioner's claims related to his assertion that he was arrested without probable cause

16

should be dismissed.

**Confrontation Clause**

Petitioner claims he was convicted on the basis of evidence admitted in violation of his right under the Confrontation Clause. He raised this set of claims as his Third Assignment of Error and the Fifth District decided it as follows:

> {¶46} In his Third Assignment of Error, Larr contends the trial court erred when it permitted the out of court hearsay statements of P.W. to be admitted through the testimony of several witnesses and by the playing of her interview at CAC. Further because P.W. did not testify during his jury trial, the admission of P.W.'s statements violated his confrontation rights.
>
> **Standard of Appellate Review**
>
> {¶47} "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). "However, we review de novo evidentiary rulings that implicate the Confrontation Clause. *United States v. Henderson*, 626 F.3d 326, 333 (6th Cir. 2010)." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶97.
>
> {¶48} We note that any error will be deemed harmless if it did not affect the accused's "substantial rights." Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. State of Cal.*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
>
> {¶49} In Ohio, Evid.R. 807 provides an exception to the general inadmissibility of hearsay uttered by a child under the age of 12 that describes any sexual act performed by, with, or on the child. This exception applies if (1) the court finds that the totality of the circumstances around the making of the statement provides a particularized guaranty of trustworthiness comparable at least to Evid.R. 803 and 804; (2) the child's testimony is not reasonably obtainable by the proponent of the statement; (3) there is

17

"independent proof" of the sexual act; and (4) the proponent of the statement has notified all other parties of the content of the statement at least ten days before the trial or hearing. Evid.R. 807(A)(1)-(4). The rule is stated in the conjunctive. In order for the out-of-court statements to be admitted under the rule, the proponent must demonstrate all of the above. *In re T.W.*, 8th Dist. No. 106231, 2018-Ohio-3275, 112 N.E.3d 527, ¶ 7.

{¶50} Larr did not object to the child's statements as testified to by the child's mother (2T. at 296) or his wife (2T. at 320). Thus, the trial court was never called upon to determine whether the statements were inadmissible hearsay or admissible pursuant to Evid.R. 807.

{¶51} Normally, an appellate court need not consider error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court. *State v. Williams*, 51 Ohio St.2d 112, 117, 364 N.E.2d 1364 (1977). Accordingly, a claim of error in such a situation is usually deemed to be waived absent plain error. See Crim.R. 52(B). Larr did not raise plain error with respect to any of the child's statements, in general and with the child's statements to her mother and grandmother, in particular. Because he does not claim plain error on appeal, we need not consider it. *See, State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17–20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, 2015 WL 4549872, ¶ 25, *citing Wright v. Ohio Dept. of Jobs & Family Servs.*, 9th Dist. Lorain No. 12CA010264, 2013-Ohio-2260, 2013 WL 2407158, ¶ 22 ("when a claim is forfeited on appeal and the appellant does not raise plain error, the appellate court will not create an argument on his behalf"); *State v. Carbaugh*, 5th Dist. Muskingum No. CT2022-0050, 2023-Ohio-1269, ¶67; *State v. Fitts*, 6th Dist. Wood Nos. WD18-092, WD18-093, 2020-Ohio-1154, ¶21; *Simon v. Larreategui*, 2nd Dist. Miami No. 2021-CA-41, 2022-Ohio-1881, ¶41.

{¶52} The only objection raised by Larr in the trial court was to the child's statements to Celeste Prince and the video of her interview at CAC with the child. 1T. at 246.

*Issue for Appellate Review:* Whether the trial court violated Larr's right to confrontation by allowing the state to introduce the forensic interview of the child when the child did not testify at trial

18

{¶53} The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."

{¶54} In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court of the United States held that out-of-court statements that are testimonial are barred, under the Confrontation Clause, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether the statements are deemed reliable by the trial court. The Court defined these "testimonial" statements to include "ex parte in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used "prosecutorially" and "extrajudicial statements * * * contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." 541 U.S. at 51-52.

{¶55} Thus, as to "testimonial evidence," "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68. "To trigger a violation of the Confrontation Clause, an admitted statement must be testimonial in nature, and must be hearsay." *United States v. Deitz,* 577 F.3d 672, 683 (6th Cir. 2009). A statement is testimonial where a reasonable person would anticipate that his or her statement would be used "against the accused in investigating and prosecuting the crime." *United States v. Cromer,* 389 F.3d 662, 675 (6th Cir. 2004). *See also State v. Stahl,* 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, at paragraph two of the syllabus.

{¶56} Evid.R. 803(4) provides that the following are not excluded by the hearsay rule: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

{¶57} In *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, the Ohio Supreme Court considered the admissibility of statements made during interviews at child-advocacy centers. *Arnold* involved a Confrontation Clause challenge rather than Evid.R. 803(4), but the pertinent analysis is

similar in many respects. The issue in *Arnold* was whether a child's statements during an interview were for medical diagnosis or treatment, making them "non-testimonial," or whether they primarily served a forensic or investigative purpose, making them "testimonial" in violation of the defendant's confrontation rights.

{¶58} The Supreme Court first noted that child-advocacy centers are unique insofar as a single interview with a child serves "dual purposes," which are: "(1) to gather forensic information to investigate and potentially prosecute a defendant for the offense and (2) to elicit information necessary for medical diagnosis and treatment of the victim." *Arnold* at ¶ 33. The majority then turned to the substance of the child's interview. It reasoned that some of the child's statements primarily had a forensic or investigative purpose. They included the child's assertion that the defendant had "shut and locked the bedroom door before raping her; her descriptions of where her mother and brother were while she was in the bedroom with Arnold, of Arnold's boxer shorts, of him removing them, and of what Arnold's 'pee-pee' looked like; and her statement that Arnold removed her underwear." *Id.* at ¶ 34. The Ohio Supreme Court reasoned that "[t]hese statements likely were not necessary for medical diagnosis or treatment. Rather, they related primarily to the state's investigation." *Id.*

{¶59} The *Arnold* Court also found, however, that "other statements provided information that was necessary to diagnose and medically treat" the child victim. Id. at ¶ 37. It noted that "[t]he history obtained during the interview is important for the doctor or nurse practitioner to make an accurate diagnosis and to determine what evaluation and treatment are necessary. For example, the nurse practitioner conducts a 'head to toe' examination of all children, but only examines the genital area of patients who disclose sexual abuse. That portion of the exam is to identify any trauma or injury sustained during the alleged abuse." Id. In particular, the Ohio Supreme Court held that the following statements by the victim during the interview were necessary for medical diagnosis or treatment: "statements that described the acts that Arnold performed, including that Arnold touched her 'pee-pee,' that Arnold's 'pee-pee' went inside her 'pee-pee,' that Arnold's 'pee-pee' touched her 'butt,' that Arnold's hand touched her 'pee-pee,' and that Arnold's mouth touched her 'pee-pee.' " *Id.* at ¶ 38. The fact that the victim already had undergone a "rape-kit examination" did not dissuade the majority from finding that the foregoing statements were necessary for subsequent medical diagnosis or treatment. *Id.* at ¶ 39. The majority also found nothing objectionable about considering the child's statements individually to determine which

ones were for medical diagnosis or treatment and to exclude those that were not. Id. at ¶ 42. Finally, the Ohio Supreme Court found nothing objectionable about the fact that police watched the interview or the fact that information obtained for medical purposes ultimately was used to prosecute the defendant. These considerations did "not change the fact" that some of the child's statements "were made for medical diagnosis and treatment." Id. at ¶ 43.

{¶60} As in *Arnold*, a portion of P.W.'s statements described the sexual acts Larr performed on her and were thus relevant to medical diagnosis or treatment and, hence, admissible. As to young children, the identity of the perpetrator of abuse is a treatment issue. This is an exception to the general rule that the identity of the perpetrator is not relevant to diagnosis/treatment. *Ohio v. Clark*, 576 U.S. 237, 247–48, 192 L.Ed.2d 306, 135 S.Ct. 2173, 2182 ("Statements by very young children will rarely, if ever, implicate the Confrontation Clause."); *United States v. Joe,* 8 F.3d 1488, 1494 (10th Cir. 1993) (citing cases from the 4th, 8th and 9th Circuits).

{¶61} We find under the facts of this case that the statements made by P.W. to Celeste Price an interviewer at the child-advocacy center were made for medical diagnosis and treatment, and therefore admissible under Evid.R. 803(4). The statements are therefore nontestimonial and are admissible without offending the Confrontation Clause.

{¶62} Larr's Third Assignment of Error is overruled.

*State v. Larr, supra.*

**Procedural Default**

Thus the Fifth District found portions of Petitioner's Confrontation Clause claims barred by his procedural default in failing to make objections in the trial court.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: parties must object during trial in order to preserve error for review. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the

23

syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).

The Fifth District enforced this rule against Petitioner by declining to rule on the merits of his Confrontation Clause claims where there had been no contemporaneous objection. As noted, it has been held to be an adequate and independent ground of decision.

Petitioner offers no excusing cause and prejudice but claims his procedural default is excused by his actual innocence. The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

While Petitioner claims he is actually innocent, he has produced no new evidence at all of actual innocence, much less evidence of the sort described in *Schlup*. Petitioner's actual innocence

24

claim has not been established and accordingly he has procedurally defaulted all Confrontation Clause claims not actually ruled on by the Fifth District.

### Confrontation Clause Merits

For those Confrontation Clause claims decided on the merits by the Fifth District, Petitioner must show that the decision is an objectively unreasonable application of Supreme Court precedent. He has failed to do so. The Fifth District found the victim's statements to Celeste Prince were properly found to have been made for purposes of diagnosis and therefore non-hearsay. Petitioner has not shown this is contrary to any relevant Supreme Court precedent or, under § 2254(d)(2), unreasonable in light of the state court evidence.

Petitioner's Confrontation Clause claims should therefore be dismissed with prejudice.

### Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 5, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.