UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael L. Larr,

      Petitioner,

      v.

Warden Misty Mackey,

      Respondent.

Case No. 2:24-cv-1730

Judge Michael H. Watson

Magistrate Judge Merz

## <u>OPINION AND ORDER</u>

Michael Larr ("Petitioner"), proceeding *pro se* in this habeas case, objects, ECF No. 42, to the Magistrate Judge's Report and Recommendations ("R&R") recommending dismissal of the Petition with prejudice, ECF No. 39. The objections were filed on December 19, 2025, and served on Warden Misty Mackey ("Respondent") the day before, but Respondent did not respond. They are thus ripe for decision.

## I.    STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed *de novo* those portions of the R&R to which Petitioner properly objected.

## II.    ANALYSIS

### A.    Jurisdiction

At the beginning of the R&R, the Magistrate Judge noted the pendency of an appeal to the Sixth Circuit. R&R 1, ECF No. 39. The R&R recommended finding

that the appeal did not deprive this Court of jurisdiction because it was from an order of Magistrate Judge Deavers, but Petitioner failed to appeal it to the Undersigned before filing his Notice of Appeal. *Id.* (citing ECF Nos. 22 and 26).

Petitioner objects, arguing first that he did not appeal from Magistrate Judge Deavers' Order, ECF No. 22, but rather appealed from the District Court's Order denying reconsideration of Magistrate Judge Deavers's Order, ECF No. 29. Obj. 1, ECF No. 42. He next contends that the District Court lacks jurisdiction to consider the merits of his habeas petition until the mandate issues from the Sixth Circuit on his appeal.

As a preliminary matter, Petitioner's Notice of Appeal specifically cites the appealed order as having been "filed 02/12/25," which was Magistrate Judge Deaver's Order. *See* Not. of Appeal 1, ECF No. 26; Order, ECF No. 22. Moreover, the Notice of Appeal attached a copy of the order Petitioner appealed—Magistrate Judge Deavers's Order. Not. of Appeal, ECF No. 26 at PAGEID ## 850–52.

Regardless, the Sixth Circuit construed Petitioner's appeal as one of the Undersigned's Order, *see* ECF No. 43, and the Court does not lack jurisdiction over the merits of Petitioner's Petition, notwithstanding the lack of a mandate. Filing a notice of appeal deprives the District Court of jurisdiction only over those portions of the case involved in the appealed order and not the entire case. *Marrese v. Am. Academy of Osteopathic Surgeons,* 470 U.S. 373, 379 (1985) (citation omitted). Petitioner appealed only from the denial of his bond request. ECF No. 26. Thus, the Notice of Appeal does not transfer jurisdiction of the entire case to the Sixth Circuit, and this Court continues to have jurisdiction over the general issue of

Case No. 2:24-cv-1730 Page 2 of 15

whether Petitioner is entitled to habeas corpus relief.

**B. Merits**

The Rules Governing § 2254 Proceedings require petitioners to construct their petitions on a standard form that provides for a statement of a ground for relief, followed by a statement of facts in support. *See* Habeas Rules 2(c) and (d) and attached standard form.

Petitioner did not use the standard form or state separate grounds for relief. Instead, his Petition is constructed around seven "Assignments of Error." Pet. ii–iii, ECF No. 1. Because Petitioner is proceeding *pro se*, the Magistrate Judge recognized the Petition was to be liberally construed. R&R 4, ECF No. 39. And because Petitioner's constitutional claims were spread across several grounds for relief (assignments of error), the R&R "attempt[s] to sort the claims by issue raised, rather than grouping the analysis under the Grounds for Relief as pleaded in the Petition." *Id.*

**1. AEDPA Deference**

Petitioner objects that, because the Ohio Supreme Court declined jurisdiction of his case, nothing the state trial or appeals courts had to say is relevant, and this Court is "only concerned with the Habeas Corpus, Response to State, this Response and the trial records." Obj. 2, 5, ECF No. 42. In other words, he argues that this Court should have reviewed his claims *de novo* instead of applying the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) ("AEDPA") deference to those claims that the Ohio Fifth District Court of Appeals ("Fifth District") decided on their merits.

On the contrary, this habeas corpus Court reviews the last state-court decision on the merits of any constitutional issue. 28 U.S.C. § 2254(d)(1). Because the Ohio Supreme Court did not exercise its jurisdiction, it passed up *its* opportunity to pass on the merits. But that does not mean we can disregard the lower Ohio court decisions.

### 2. Judicial Notice

Petitioner recites items of which the Magistrate Judge refused to take judicial notice, Obj. 3–4, ECF No. 42, but he fails to argue any error.

As the Sixth Circuit explained, Petitioner is not entitled to have a judge take judicial notice of such "facts." Order 3–4, ECF No. 43.

### 3. Assignment of Errors 1 and 3

At this point, Petitioner begins individually discussing his "Assignments of Error." Obj. 5, ECF No. 42. As the Magistrate Judge did in the R&R, the Undersigned will also group together those assignments of error that overlap.

In "Assignment of Error 1," Petitioner claims to be actually innocent because he was arrested without probable cause. *Id.* ("100% innocent do [sic] to the arrest with a lack of probable cause. Which of course would violate the Fourth Amendment to be free."). He accuses the Magistrate Judge of failing to consider this argument. *Id.* As for the merits, Petitioner contends that he was arrested based on nothing more than the "standalone hearsay of a child," which, he argues, is insufficient to provide probable cause to support his arrest. *Id.* at 5–6 (citing *United States v. Shaw*, 464 F.3d 615 (6th Cir. 2006), and *Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015)). Moreover, Petitioner maintains that his prior reliance on civil

caselaw was appropriate. *Id.* at 7. Because his arrest violated his Fourth Amendment rights, he argues, he is innocent and need not submit any "new" evidence of his innocence to overcome a procedural default. *Id.* at 5, 7 ("A miscarriage of justice equals actual innocence and needs no new evidence.").

"Assignment of Error 3" likewise argues that Petitioner's "Fourth Amendment right to be free was violated when he was arrested with a lack of probable cause." Obj. 8–9, ECF No. 42. "Assignment of Error 3" repeats the argument that his reliance on civil caselaw was reasonable and that the arrest without probable cause renders him "actually innocent" (again, apparently for purposes of overcoming any procedural default of this or other claims). *Id.* at 8–9 ("This means the error was prejudicial and a miscarriage of justice that gets viewed de-novo.").

As framed, Petitioner's argument misses the point of habeas corpus proceedings. Once a person has been indicted, the question of whether there was probable cause to charge that person in the first place becomes irrelevant, unless the State obtained evidence while the person was detained without probable cause. That is not the case here. Because there was no evidence allegedly seized in violation of the Fourth Amendment, the R&R correctly explained, "there is no Fourth Amendment issue presented by the facts before this Court."[1] R&R 14–15, ECF No. 39; *cf. United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense

---

[1] The R&R also correctly explained that civil caselaw concerning violations of the Fourth Amendment (even violations concerning lack of probable cause for an arrest) are not relevant to *this* habeas corpus proceeding because such lack-of-probable-cause violations, even if they occurred, are not a basis for habeas relief. *Id.* at 15–16.

to a valid conviction." (citations omitted)); *Barry v. Warren*, No. 19-1855, 2019 WL 7834652, at *2 (6th Cir. Dec. 11, 2019) ("To the extent that Barry intended to raise a claim that he was held in detention without probable cause, such a claim is not cognizable on habeas review because it is an established rule that illegal arrest or detention does not void a subsequent conviction." (internal quotation marks and citation modified)); *Davis v. Rewerts*, No. 18-1822, 2018 WL 7050237, at *2 (6th Cir. Dec. 19, 2018) ("Because Davis's allegedly illegal arrest was immaterial to the validity of his prosecution or conviction and he did not identify any evidence improperly seized as a result of his arrest, trial counsel was not ineffective for failing to pursue an argument or objection related to the arrest warrant or other charging documents." (citation omitted)); *Sutton v. Cox*, No. 06-13543-BC, 2008 WL 544556, at *2 (E.D. Mich. Feb. 26, 2008) ("To the extent that Petitioner is arguing under the Fourth Amendment that the police lacked probable cause to arrest him, his claim is not cognizable on habeas review."). Assignments of Error 1 and 3 are therefore **OVERRULED**.

### 4. Assignment of Error 4

In "Assignment of Error 4," Petitioner contends that the Fourth Amendment violation ripened into a Fourteenth Amendment violation when the State continued to detain Petitioner unconstitutionally. Obj. 9, ECF No. 42. The Court construes this objection as a challenge to the R&R's recommendation on Petitioner's grounds for relief concerning the sufficiency of the evidence and manifest weight of the

evidence, which he jointly presented to the Fifth District Court of Appeals.[2]

The Fifth District considered these claims together and wrote:

{¶28} In his First Assignment of Error, Larr maintains that his convictions for gross sexual imposition are against the manifest weight of the evidence. In his Second Assignment of Error, Larr argues that there is insufficient evidence to support his convictions for gross sexual imposition.

**Standard of Appellate Review–Sufficiency of the Evidence.**

{¶29} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States,* 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida,* 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶30} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997); Walker, 150 Ohio St.3d at ¶30.* "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy,* 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless

---

[2] The R&R discussed at length why the first of these is a constitutional claim and the second is not. Petitioner does not object to that analysis, and the Court adopts it.

'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, quoting *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery,* 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review**: *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Larr was guilty beyond a reasonable doubt of Gross Sexual Imposition in violation of R.C. 2907.05.*

{¶31} Larr argues that the only direct evidence presented was the testimony of the alleged victim. The victim had no physical injuries, there was no confession by Larr and no proof that the touching was done for sexual gratification. Larr further points out that he voluntarily spoke to the police during the investigation.

{¶32} R.C. 2907.05, Gross Sexual Imposition provides,

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

\* \* \*

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

\* \* \*

{¶33} "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶34} Whether touching is done for the purpose of sexual gratification is a question of fact to be inferred from the type, nature, and circumstances surrounding the contact. *State v. Cochran,* 5th Dist. Coshocton No. 03–CA–01, 2003-Ohio-6863, ¶ 15, citing *State v. Mundy,* 99 Ohio App.3d 275, 289, 650 N.E.2d 502(1994). We have held that the testimony of one witness, if believed by the factfinder, is enough to support a conviction. *See, State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, ¶ 133. The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to

determine. *State v. Thomas*, 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982), syllabus.

{¶35} A conviction for rape or gross sexual imposition does not require proof of trauma or physical injury. *See State v. Campbell,* 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 44, *citing State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 46; *State v. Schrock*, 11th Dist. Lake No. 2007-L-191, 2008-Ohio-3745, ¶ 23 ("The qualitative nature of these charges does not necessitate any specific physical injury or trauma to the genital area."); *Cf. State v. Hines*, 6th Dist. Lucas No. L-04-1234, 2006-Ohio-322, ¶ 20 ("Nevertheless, we find that it is the incidents of sexual abuse, not the actual physical injury to the victim's hymen, that the state must prove to establish rape.").

{¶36} In the case at bar, P.W. told her mother that Larr had tickled her vagina. P.W. told Larr's wife that Larr touched her "down there." P.W. told Celeste Prince that Larr tickled her vagina. She further showed on diagrams where the touching had occurred. The jury was able to see the forensic interview as it happened in real time via the video recording. P.W. indicated that the touching occurred in the camper and in Larr's bedroom.

{¶37} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Larr engaged in sexual contact with P.W. who was five years old at the time. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Larr's convictions for gross sexual imposition.

*State v. Larr*, No. 2023-Ohio-2128 (Ohio App. 5th Dist. Jun. 27, 2023), ECF No. 12

at PAGEID ## 74–78.

This is the final decision of the Ohio courts on the merits and the ultimate

basis of Petitioner's present imprisonment. The decision is entitled to AEDPA[3]

deference. *See Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009). In fact,

when reviewing a claim for sufficient evidence, a federal habeas court must apply a

---

[3] Petitioner asserts the AEDPA should not be applied to this case. In fact, it has applied to virtually every habeas corpus case since its enactment April 24, 1996.

"twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency-of-the-evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia*, 443 U.S. 307 (1979), and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted); accord *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Parker*, 567 U.S. at 43.

This Court agrees with the R&R that Petitioner failed to overcome that deference. There was sufficient evidence that the child was under the age of thirteen and was not Petitioner's spouse. Moreover, there was sufficient evidence that Petitioner had sexual contact with the child; even Petitioner seems to concede that he tickled the child's "thigh," but Ohio law defines the "erogenous zone" (for purposes of defining "sexual contact") as "including without limitation the thigh . . . ." Ohio Rev. Code § 2907.01(B). And the jury could reasonably have found that the purpose of the tickling was sexual gratification under the circumstances in which it was performed (especially if the jury believed the child's statements that Petitioner tickled her vagina rather than her thigh). At the very least, the Fifth District's conclusion that the jury could reasonably find the above was neither contrary to, nor an unreasonable application of, Supreme Court precedent. Assignment of Error 4 is, thus, **OVERRULED**.

### 5.    Assignments of Error 2, 5, 6, and 7

Assignments of Error 2 and 5–7 concern the Confrontation Clause and hearsay. Obj. 7–8, 9–13, ECF No. 42. "Assignment of [E]rror 5" states, "When

Case No. 2:24-cv-1730                                            Page 10 of 15

unreliable, legally insufficient hearsay was used against Mr. Larr, it violated his Sixth Amendment to the Confrontation Clause [sic]. The U.S. Supreme Court in *Idaho*, has said, if there is any chance the hearsay is not true, the hearsay must be excluded." *Id.* at 10. "Assignment of [E]rror 6" states, "No ongoing emergency, the U.S. and State Supreme Court has said, when there is no ongoing emergency, the hearsay is testimonial in nature. The State was in error by labeling the hearsay non-testimonial, medical." *Id.* at 11. "Assignment of [E]rror 7 states, "There was no terminology unexpected of a child this age. This means the hearsay violates Confrontation Clause." *Id.* at 12. Thus, all three of these Assignments of Error argue that the trial court violated Petitioner's Confrontation Clause rights by admitting various out-of-court statements by the child victim without subjecting her to cross examination because the child's statements were testimonial.

Moreover, Petitioner's "Assignment of Error 2" argues that any statements that were nontestimonial were nonetheless inadmissible hearsay because they lacked indicia of reliability given that the child did not use terminology unexpected for her age. *Id.* at 7–8, 12–13.

Further, Petitioner objects to the R&R's recommendation that any Confrontation Clause claims arising from testimony by the victim's mother and Petitioner's wife were procedurally defaulted because there was no contemporaneous objection and the Fifth District did not review for plain error. Obj. 10 (referring to R&R 17–25, ECF No. 39). He argues that objections were made, citing the trial transcript, ECF No. 13-1 at PAGEID ## 458, 596, and 668, such that there was no procedural default. *Id.* at 10–11.

The Court begins with the procedural default objection.  The objection on PAGEID # 458 was only to the video evidence, which the R&R noted had not been procedurally defaulted.  PAGEID ## 596 and 668 record arguments on Petitioner's motions for judgment of acquittal under Ohio Rule of Criminal Procedure 29 but do not contain any contemporaneous objection to evidence.  The Magistrate Judge's conclusions about procedural default are thus supported by the record.

The Magistrate Judge recommended dismissing the non-defaulted Confrontation Clause claim because the Fifth District ruled that the examination was made for purposes of medical diagnosis and that the child's statements, therefore, were not testimonial and satisfied a hearsay exception.  R&R 25, ECF No. 39.  The R&R noted that Petitioner failed to satisfy his burden of showing this was an objectively unreasonable application of Supreme Court precedent.  R&R 25, ECF No. 39.

In his Objections, Petitioner cites a Sixth Circuit decision, *Gaston v. Brigano*, 208 F. App'x 376 (6th Cir. 2006), and an Ohio Supreme Court decision, *State v Arnold*, 933 N.E.2d 775 (Ohio 2010).  Obj. 11–12, ECF No. 42.  However, in deciding whether a state-court decision is objectively unreasonable, this Court is limited to considering holdings of the United States Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Because it is unpublished, *Gaston* is not even of precedential weight.  Furthermore, this case is distinguishable from *Gaston* because, *inter alia*: (1) *Gaston* was not applying *Crawford v. Washington*, 541 U.S. 36 (2004), as the applicable test; and (2) here, the Fifth District considered Petitioner's Confrontation Clause claim on the merits, so the claim is not reviewed

*de novo.*

Finally, Petitioner cites *Ohio v. Roberts*, 448 U.S. 56 (1980); *Idaho v. Wright*, 497 U.S. 805 (1990); *Crawford v. Washington*, 541 U.S. 36 (2004); and *Davis v. Washington*, 547 U.S. 813 (2006). *E.g.* Obj. 11–12, ECF No. 42. Although these cases are United States Supreme Court precedent involving Confrontation Clause analyses, the Fifth District's decision was not contrary to, or an unreasonable application of, any of these cases.

As a threshold matter, the *Roberts* analysis (employed in *Idaho*) was overruled in *Crawford*; *Crawford* controlled the Fifth District's analysis.

Moreover, *Crawford* and *Davis* involved determining whether statements made during "police investigations" were testimonial. Neither *Crawford* nor *Davis* involved statements to forensic interviewers such as the one involved in this case, and both of those cases reserved the question about when statements to persons other than law enforcement would be deemed statements to agents of the state, or otherwise be testimonial. *See Ohio v. Clark*, 576 U.S. 237, 244 (2015) (reiterating *Davis's* primary purpose test and acknowledging that, "[b]ecause the cases [in *Davis*] involved statements to law enforcement officers, we reserved the question whether similar statements to individuals other than law enforcement officers would raise similar issues under the Confrontation Clause" (citation omitted)).

Additionally, neither *Crawford* nor *Davis* (nor *Roberts* nor *Idaho*, for that matter) dealt with statements made primarily for medical diagnosis and treatment, which is what was involved here. *Cf. Clark*, 576 U.S. at 245 ("[T]here may be *other* circumstances, aside from ongoing emergencies, when a statement is not procured

Case No. 2:24-cv-1730                                                    Page 13 of 15

with a primary purpose of creating an out-of-court substitute for trial testimony. The existence *vel non* of an ongoing emergency is not the touchstone of the testimonial inquiry." (citation modified)). The Fifth District expressly determined that was the purpose of the at-issue interview—not the gathering of evidence for a prosecution—and that determination was not based on an unreasonable determination of the facts. The Fifth District's corollary ruling—that, because the primary purpose was for a medical diagnosis and treatment, the statements were not testimonial—was not contrary to clearly established Supreme Court precedent. *See Clark*, 576 U.S. at 248 ("Statements by very young children will rarely, if ever, implicate the Confrontation Clause."); *id.* at 248–49 (suggesting that, even if testimonial, such statements would likely be found admissible despite the Confrontation Clause because similar statements were admissible at common law at the founding of the country).

Petitioner's remaining argument is that the child's statements did not bear indicia of reliability because she did not describe what happened with language that would be unexpected in the vocabulary of a child of her age and, so, her statements were inadmissible hearsay. The Court has found no Supreme Court precedent holding that the lack of unexpected terminology renders the medical diagnosis hearsay exception inapplicable, and Petitioner cited none. Rather, this argument goes to the credibility of the child's statements rather than their admissibility.

Accordingly, Assignments of Error 2, 5, 6, and 7 are **OVERRULED**.

**C.    Certificate of Appealability and *In Forma Pauperis* Status on Appeal**

The Magistrate Judge recommended denying Petitioner a certificate of

appealability and certifying that any appeal would be objectively frivolous.  R&R 25,

ECF No. 39.  Instead of showing how a reasonable jurist could disagree or what

non-frivolous argument he would make on appeal, Petitioner objects:

> There's no way this court could not recommend a C.O.A and proceed in pauper status without showing the world the court is ignoring an unconstitutional imprisonment, just to giving the State what it wants.

Obj. 13, ECF No. 42.

The Objection does not show the Magistrate Judge's recommendation was in

error, but only that Petitioner is very firmly convinced of his righteousness.  The

Court is unpersuaded.  Petitioner can, of course, apply to the Sixth Circuit for a

certificate of appealability and leave to appeal *in forma pauperis*.

### III.    CONCLUSION

Having reviewed the R&R *de novo* and considered Petitioner's Objections,

the Court **OVERRULES** the objections and **ADOPTS** the R&R.  The Clerk **SHALL**

enter judgment for Respondent and terminate this case.  Because reasonable jurists

would not disagree with this conclusion, Petitioner is **DENIED** a certificate of

appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would

be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**